NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

YU TENG WENG,

        Petitioner,

v.

ERIC TAYLOR, Director Hudson County Corr. Facility,

        Respondent.

---

Civil Action No. 17-3243 (JMV)

**OPINION**

APPEARANCES:

Robert Patrick Haney, Jr.
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
    On behalf of Petitioner

BRYAN K. LONEGAN
UNITED STATES ATTORNEY'S OFFICE
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
    On behalf of Respondent

**VAZQUEZ**, United States District Judge

On May 8, 2017, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged detention since August 3, 2015, by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1 at 2.) This Court ordered Respondent to answer the petition. (ECF No. 2.) Subsequently, Petitioner filed motions for *pro hac vice* admission of Kemper Diehl, Esq. and Charlene Wang, Esq. (ECF Nos. 3, 4.) On June 30, 2017, Respondent

submitted a Release Notification dated June 19, 2017, showing that ICE approved Petitioner's release from custody pending removal, and an Order of Supervision, signed by Petitioner on June 23, 2017. (ECF Nos. 6-1, 6-2.) Respondent contends the habeas petition is moot. (ECF No. 6.) Petitioner filed a Notice of Voluntary Dismissal without prejudice. (ECF No. 7.)

A habeas petition "generally becomes moot when [a petitioner] is released from custody" because there is no longer "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Vasquez v. Aviles*, 639 F. App'x 898, 902 (3d Cir. 2016) (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)). The present petition no longer presents a case or controversy under Article III, § 2 of the United States Constitution because Petitioner is no longer detained by ICE. *See id.* (finding petition moot where there were no collateral consequences that could be addressed by success on the petition after removal) (citing *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007)). Therefore, the petition is dismissed as moot. The motions for *pro hac vice* admission of Kemper Diehl, Esq. and Charlene Wang, Esq. (ECF Nos. 3, 4) are also dismissed as moot.

An appropriate Order follows.

Date: July 5, 2017
At Newark, New Jersey

                                         s/ John Michael Vazquez
                                         JOHN MICHAEL VAZQUEZ
                                         United States District Judge